**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES TUMMINO, | No. 10-35236 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00955-AC |
| v. | |
| UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding[**]

Submitted May 15, 2012[***]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Charles Tummino appeals pro se from the district court's summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before the magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment upholding the Internal Revenue Service's ("IRS") determination sustaining a proposed tax lien to collect civil penalties assessed against Tummino for promoting a tax-evasion scheme. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc), and we affirm.

The district court properly granted summary judgment because Tummino failed to raise a genuine dispute of material fact as to whether his role in selling a pay-phone investment plan and falsifying its tax benefits failed to satisfy the requirements for a civil penalty for promoting an abusive tax shelter. *See* 26 U.S.C. §§ 6700(a)(1)(B), (a)(2)(A); *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (listing factors for liability under § 6700). Tummino also failed to raise a triable dispute as to whether the IRS correctly calculated the amount of the penalty. *See* 26 U.S.C. § 6700(a) (penalty is the lesser of $1,000 for each activity as to each scheme or 100 percent of income from the scheme).

Tummino's remaining contentions are unpersuasive.

Arguments not raised in Tummino's opening brief are deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**